OPINION OF THE COURT
Joseph D. Caputo, J.
This is a proceeding under section 384-b of the Social Services Law for an order committing the custody and guardianship of the child "Male” G., also known as Brian Keith G., to the petitioner, Commissioner of Social Services.
On August 18, at the fact-finding hearing, petitioner attempted to introduce the child’s case record maintained by the Bureau of Child Welfare ("BCW”) as a business record pursuant to CPLR 4518. The natural mother challenged the record’s admissibility on the ground that at least certain entries in the *284 case record were not made "at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter”, as is required by the statute. The present BCW worker assigned to the case testified that it is her practice, and that to her knowledge it is the usual practice of BCW social workers, to keep temporary "day books” upon which case activity is recorded on the same day or at most within a few days after the event takes place. Later, the social worker dictates from the "day books” the case activity onto tapes which are then transcribed by typists into the permanent case record. After entry into the case record, the day books are destroyed and the tapes are erased for future use.
Upon reading the memoranda submitted by attorneys for the petitioner and the natural mother and after due deliberation, it is this court’s order, pursuant to CPLR 4518, that such records shall be admissible. Files and records which the Department of Social Services are required by law and regulation to maintain are business records and are admissible (Kelly v Wasserman, 5 NY2d 425).
The mere fact that a temporary entry is made does not deprive a subsequent entry, made as a permanent record, of its character as a record admissible under the "business records” rule (McGoldrick v Traphagen, 88 NY 334).
The attorney for the natural mother argues that the entries into the permanent record were made substantially after the events recorded, in some cases months afterwards. However, entries are made in the "day book” at most a few days after the event. The later transcription does not rely on memory, but on a préviously prepared record. "Where the original record is routinely copied into a more permanent form, with the original then being destroyed, the copy may be made at any time the routine of the business requires; since memory is not being relied upon, the concept of contemporaneous entry is not in point” (5 Weinstein-Korn-Miller, NY Civ Prac, par 4518.17).
It is therefore ordered that the BCW case record maintained in connection with the foster case provided to "Male” G., also known as Brian Keith G., shall be admitted into evidence.