■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK H. KLEIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered November 23, 1982, convicting him of grand larceny in the second degree (two counts), attempted grand larceny in the second degree, and offering a false instrument for filing in the first degree (three counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The only substantial question on this appeal is whether it was error to receive certain records of the Yeshiva Torah Vodaath into evidence as business records.

At trial, the prosecution contended that certain payments made to Yeshiva Torah Vodaath by vendors who supplied the Fairview Nursing Home, which was owned and operated by defendant, were remitted to defendant, thereby reducing the home's expenditures for such supplies. In order to establish its case, the prosecution sought to introduce the "loan and exchange" ledgers of the Yeshiva into evidence. The entries in these subsidiary ledgers were based upon entries in the Yeshiva's cash receipt and cash disbursement books which had been stolen and were therefore unavailable at the time of trial. The trial court determined that the entries in the loan and exchange ledgers were made in the regular course of business, that it was the regular course of business of the Yeshiva to make such entries, and that consequently the ledgers could be admitted as business records.

Defendant urges that an insufficient foundation was laid for the admission of the ledgers, and that he was denied his constitutional right to confront the person who made the entries in the cash disbursement book, which was one of the books used to create the subsidiary ledgers admitted into evidence. We disagree.

The loan and exchange ledgers were properly received into evidence under the business records exception to the hearsay rule (CPLR 4518, subd [a]) and the foundational objections go to weight, rather than admissibility (see *Standard Oil Co. v Moore,* 251 F2d 188, 223, cert den 356 US 975; McCormick, Evidence [3d ed], § 309, p 878; 5 Weinstein-Korn-Miller, NY Civ Prac, pars 4518.17, 4518.20). "Where the original record is routinely copied into a more permanent form, with the original then being destroyed, the copy may be made at any time the routine of the business requires; since memory is not being relied upon, the concept of a contemporaneous entry is not in point" (5 Weinstein-Korn-Miller, NY Civ Prac, par 4518.17, p 45-439; see *Matter of "Male" G.,* 97 Misc 2d 283).

Nor did the receipt of such evidence violate defendant's constitutional right to "be confronted with the witnesses against him" (US Const, 6th Amdt; NY Const, art I, § 6). It is well established that the right of confrontation is not infringed by the admission of business records into evidence during the course of a criminal trial (see *Dutton v Evans,* 400 US 74, 95-96 [Harlan, J., concurring]; *Snyder v Massachusetts,* 291 US 97, 107 [Cardozo, J.]; *People v Nisonoff,* 293 NY 597, cert den 326 US 745; *United States v Lipscomb,* 435 F2d 795, cert den 401 US 980; *United States v Leathers,* 135 F2d 507, 511; McCormick, Evidence [3d ed], § 252, pp 749-753; 5 Wigmore, Evidence [3d ed], § 1397; cf. *Ohio v Roberts,* 448 US 56; *People v Sanders,* 56 NY2d 51, 63).

We are aware of *People ex rel. McGee v Walters* (62 NY2d 317), but do not read that case as abrogating this unbroken line of authority. *McGee* involved a parole revocation hearing and the admission of a parole officer's violation report. The court found that the fact that the officer who had prepared the report had left the State's employ was an insufficient reason to dispense with his production (62 NY2d 317, 323, *supra*). In the present case, the maker of the source documents in question is unavailable as a result of his death and the records involved are plainly of a reliable nature. Consequently, it would appear that they are admissible under the analysis set forth in *McGee.*

On the merits, we find ample evidence to support the jury's verdict (*People v Malizia,* 62 NY2d 755, 757, cert den __ US __, 105 S Ct 327). The record establishes that defendant adopted a scheme whereby he obtained moneys from certain vendors, who supplied goods to the nursing home owned and operated by defendant. The vendors made alleged contributions to a charity, which charity then remitted the moneys to defendant. Therefore, the jury could properly determine that defendant's actual expenditures for supplies from these vendors should have been reduced by said sums; that such sums were reportable rebates; that defendant did not report the rebates on the annual Medicaid reimbursement cost reports (known as HE-2P forms) for the nursing home during the years in question (offering of a false instrument counts); and that, as a consequence, defendant's nursing home received more reimbursement (grand larceny counts) or would have received more reimbursement (attempted grand larceny count) than it was entitled to receive if the rebates had been reported.

The other contentions have been considered and have been found to be without merit and not to warrant discussion. Titone, Mangano, Thompson and Brown, JJ., concur.