◼ In the Matter of JESSICA MARIE Q., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDNA M.Z., Respondent. GEORGE E. REED, JR., Nonparty Appellant. (Proceeding No. 1.) In the Matter of LESLIE ANN Z., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDNA M.Z., Respondent. GEORGE E. REED, JR., Nonparty Appellant. (Proceeding No. 2.) In the Matter of KATIE LYNN B., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDNA M.Z. et al., Respondents. GEORGE E. REED, JR., Nonparty Appellant. (Proceeding No. 3.) [757 NYS2d 304] —In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the Law Guardian appeals from

three orders of fact-finding and disposition (one as to each child) of the Family Court, Westchester County (Walker, J.), all entered May 9, 2002, which, after a fact-finding hearing on inquest and a dispositional hearing, terminated the parents' rights with respect to the children, and transferred custody of the children to the Westchester County Department of Social Services for purposes of adoption. In all three proceedings, the Law Guardian took direct appeals to the Court of Appeals pursuant to CPLR 5601 (b) (2). By three orders dated July 9, 2002 (one as to each child), the Court of Appeals transferred the appeals to this Court on the ground that no direct appeal lies when questions other than the constitutional validity of a statutory provision are involved (NY Const, art VI, § 3 [b] [2]; § 5 [b]; CPLR 5601 [b] [2]).

Ordered that the orders are affirmed, without costs or disbursements.

The Law Guardian argues that Social Services Law § 384-b (3) (i) deprives permanently neglected children of their rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, the statute does not require proof of the likelihood that the child will be placed for adoption in determining whether the parental rights of a child should be terminated. He further argues that Social Services Law § 384-b (3) (*l*) violates the substantive and procedural due process rights of permanently neglected children to the extent it compels the filing of a petition for termination of parental rights when adoption of a permanently-neglected child is unlikely. The Law Guardian contends that the child's fundamental constitutional right in his or her parents is offended by the unconditional termination of parental rights, without providing that termination becomes final only upon the adoption of the child, and by not including a provision permitting visitation if the child so wishes.

Natural parents have a fundamental liberty interest in the care, custody, and management of their child, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution (*see Santosky v Kramer,* 455 US 745 [1982]). "[T]he Due Process Clause would be offended '[if] a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest'" (*Quilloin v Walcott,* 434 US 246, 255 [1978], quoting *Smith v Organization of Foster Families,* 431 US 816, 862-863 [1977]; *see Nicholson v*

*Williams,* 203 F Supp 2d 153 [2002]; *Matter of Terrance G.,* 190 Misc 2d 224 [2001]).

Even assuming that under the circumstances present here, where a biological parent has been adjudicated to have permanently neglected a child, the child may claim a fundamental due process right to be raised by that parent, the Social Services Law, while impinging upon that right, is narrowly tailored to serve the compelling interest of protecting the child (*see generally Ware v Valley Stream High School Dist.,* 150 AD2d 14 [1989], *mod* 75 NY2d 114 [1989]). While Social Services Law § 384-b (3) (i) does not require the Family Court to consider the likelihood of a child's adoption when determining whether or not to terminate the rights of permanently neglectful parents, the statute does not prohibit the Family Court from doing so (*see e.g. Matter of Gina I.,* 270 AD2d 21 [2000]). Further, while Social Services Law § 384-b (3) (*l*) requires the agency to file a parental rights termination petition under certain circumstances, the final disposition is not automatically the termination of parental rights. It must be in the best interests of the child, which is always the "paramount concern" at any dispositional hearing (*Matter of Sylvia Esther O.,* 253 AD2d 465 [1998]). We further note that there is authority permitting the Family Court to allow posttermination visitation, provided doing so is in the child's best interests (see *Matter of Corinthian Marie S.,* 297 AD2d 382 [2002]).

In this case, the evidence at the dispositional hearing demonstrated that the parents never completed, as mandated, a substance abuse rehabilitation program or a parenting class, had barely any contact with the children, and utterly failed to plan for the children's futures. Under these circumstances, termination of the parents' rights, and freeing the children for adoption, was in the children's best interests, as opposed to a suspended judgment and continued visits with the parents, even if the likelihood of adoption was a required consideration (*see Matter of Gina I., supra*; *Matter of Victoria B.,* 185 AD2d 811 [1992]).

The Law Guardian also challenges the constitutionality of Family Court Act §§ 631-634, to the extent those sections specifically fail to provide for a suspended judgment pending adoption (if any) in cases in which adoption is unlikely. However, since the Law Guardian failed to include in his notice to the Attorney General the constitutional challenges to those statutes, and did not argue to the Family Court that they were unconstitutional, his challenge is not properly before this Court (*see Matter of Coleman v Thomas,* 295 AD2d 508 [2002]; *Emmer v Emmer,* 69 AD2d 850 [1979]).

The Law Guardian's remaining contentions are without merit. Ritter, J.P., S. Miller, H. Miller and Cozier, JJ., concur.