■ In the Matter of ALANDA HELEN M., an Infant. EPISCOPAL SOCIAL SERVICES, Respondent; TAMARA M., Appellant. (Proceeding No. 1.) In the Matter of TAYLOR DEVANTE M., an Infant.

EPISCOPAL SOCIAL SERVICES, Respondent; TAMARA M., Appellant. (Proceeding No. 2.) In the Matter of MACK M., an Infant. EPISCOPAL SOCIAL SERVICES, Respondent; TAMARA M., Appellant. (Proceeding No. 3.) In the Matter of TREVOR M., an Infant. EPISCOPAL SOCIAL SERVICES, Respondent; TAMARA M., Appellant. (Proceeding No. 4.) In the Matter of CHERRY PATRICIA M., an Infant. EPISCOPAL SOCIAL SERVICES, Respondent; TAMARA M., Appellant. (Proceeding No. 5.) In the Matter of SHARAE DENISE M., an Infant. EPISCOPAL SOCIAL SERVICES, Respondent; TAMARA M., Appellant. (Proceeding No. 6.) [835 NYS2d 619]—

In six related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of six orders of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), dated August 25, 2005, as, after a dispositional hearing, terminated her parental rights and transferred custody and guardianship of the subject children to the Commissioner of Social Services of the City of New York and Episcopal Social Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition with respect to the children Cherry Patricia M. and Taylor Devante M. are reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new dispositional hearing and new dispositions with respect to those children in accordance herewith; and it is further,

Ordered that the orders of fact-finding and disposition with respect to the children Alanda Helen M., Sharae Denise M., Mack M., and Trevor M., are affirmed insofar as appealed from, without costs or disbursements.

On appeal, the mother does not contend that the Family Court erred in determining that she had permanently neglected her children. Rather, she argues only that the court should have suspended judgment, as opposed to terminating her parental rights.

The foster mothers for the children Alanda Helen M., Sharae Denise M., Mack M., and Trevor M., are committed to continuing the sibling relationships and are willing to adopt them. As to these four children, the Family Court properly determined that it was in the children's best interests to terminate the mother's parental rights (*see Matter of Arianna OO.*, 29 AD3d 1117 [2006]; *Matter of Ernesto Thomas A.*, 5 AD3d 380 [2004]). However, the child Taylor Devante M., is in a residential home

and apparently is very troubled, lessening his chances of ever being adopted. Evidence introduced at the dispositional hearing indicated that he could be adversely affected if his siblings are adopted and no one chooses to adopt him. The child Cherry Patricia M., has expressed a very strong desire to be with her mother. Cherry, who was 14 years old at the time of the fact-finding and dispositional hearings, has stated that she did not wish to be adopted by her foster mother. She wants to be with her mother and has run away from foster homes twice, both times returning to her mother. Moreover, Cherry seems to be quite attached to Taylor and may be the only sibling with whom Taylor will be able to have any significant interaction. Under these circumstances, there is little likelihood that either Taylor or Cherry would be suitable for adoption. Thus, as to these children, an alternative disposition should be explored particularly in view of the passage of time since the dispositional hearing in July 2005. Therefore, we remit the matter to the Family Court for such further disposition as may be deemed proper in view of these circumstances. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.