■ In the Matter of Zioniah Moziah M., an Infant. New Alternatives for Children, Inc., Respondent; Kwame M., Appellant, et al., Respondent. (Appeal No. 1.) In the Matter of Queen-Adisa M., an Infant. New Alternatives for Children, Inc., Respondent; Kwame M., Appellant, et al., Respondent. (Appeal No. 2.) In the Matter of Chenaza-Jendaye M., an Infant. New Alternatives for Children, Inc., Respondent; Kwame M., Appellant, et al., Respondent. (Appeal No. 3.) [882 NYS2d 663]—In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of severe abuse, the father appeals, as limited by his brief, from so much of three orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Richroath, J.), all dated July 9, 2008, as, after a dispositional hearing, terminated his parental rights and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Termination of the father's parental rights is in the children's best interest. It will allow the children to be adopted by their maternal great aunt, with whom they have lived for most of their lives and with whom they maintain a positive relationship. Although the father has complied with the petitioner's requirements and has shown some improvement in his parenting skills, a suspended judgment is not in the children's best interest (*see Matter of Kaseem J.*, 52 AD3d 1321 [2008]). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.