■ In the Matter of MEGAN R.W., Also Known as MEGAN W., an Infant. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK et al., Respondents; CONNIE LYNN M., Also Known as CONNIE M. et al., Appellants. [893 NYS2d 195]—

The Family Court properly determined that the mother permanently neglected the subject child by continuing to use illegal drugs for three years following the removal of the subject child and failing to cooperate with rehabilitation programs (*see* Social Services Law § 384-b; *Matter of Fatima G.,* 64 AD3d 653 [2009], *lv denied* 13 NY3d 711 [2009]; *Matter of Fatima G.,* 64 AD3d 652 [2009], *lv denied* 13 NY3d 711 [2009]; *Matter of Sarah Jean R.,* 290 AD2d 511 [2002]). Contrary to the mother's contention, although she belatedly demonstrated an effort to comply with the presentment agency's requirements, the Family Court providently exercised its discretion in declining to suspend judgment (*see Matter of Zioniah Moziah M.,* 64 AD3d 781 [2009]; *Matter of Arnold M.,* 12 AD3d 677, 678 [2004]).

Moreover, contrary to the father's contention, the presentment agency established that it made diligent efforts to encourage and strengthen his relationship with the subject child (*see* Social Services Law § 384-b [7]; *cf. Matter of Sykia Monique G.,* 208 AD2d 535, 537 [1994]). Those efforts included, inter alia,

facilitating visitation when it was in the child's best interest, referring the father for alcohol treatment and domestic violence counseling, and attempting to locate additional treatment programs (*see Matter of Darlene L.,* 38 AD3d 552, 555 [2007]). Despite these efforts, the father failed to plan for the child's future by visiting the child regularly and cooperating with rehabilitation programs (*see Matter of Ray A.,* 30 AD3d 410 [2006]; *Matter of Arnold M.,* 12 AD3d at 679).

Accordingly, in light of the close bond the child has developed with her foster family, who has cared for her for almost half of her life, the Family Court's determination that termination of the mother's and father's parental rights was in the child's best interest is supported by a preponderance of the evidence (*see Matter of Chase F.,* 66 AD3d 676 [2009], lv denied — NY3d —, 2009 NY Slip Op 91569 [2009]; *Matter of Sarah Jean R.,* 290 AD2d 511, 512 [2002]). Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.