■ In the Matter of MELISHA M.H. SCO FAMILY OF SERVICES, Respondent; SHEILA B.R., Also Known as SHEILA R. and Another, Appellant. (Proceeding No. 1.) In the Matter of KENYETTA S.R., Also Known as KENYETTA R. and Another. SCO FAMILY OF SERVICES, Respondent; SHEILA B.R., Also Known as SHEILA R. and Another, Appellant. (Proceeding No. 2.) [989 NYS2d 312]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Tally, J.), (one as to each child), both dated February 20, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the Commissioner of Social Services of the City of New York and SCO Family of Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Sheila G.*, 61 NY2d 368, 380-381 [1984]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824, 824 [2013]). These efforts included facilitating visitation, providing the mother with referrals to drug treatment and counseling programs, and advising the mother of the need for her to attend and complete such programs. Despite these efforts, the mother failed to plan for the children's future (*see Matter of Darryl A.H. [Olga Z.]*, 109 AD3d at 824; *Matter of Joseph W. [Monica W.]*, 95 AD3d 1347, 1347-1348 [2012]; *Matter of Fatima G.*, 64 AD3d 652, 653 [2009]).

Contrary to the mother's contention, most of the progress notes in the petitioner's case file that were offered into evidence were properly admitted under the business record exception to

the hearsay rule (*see* CPLR 4518 [a]; *Matter of Leon RR*, 48 NY2d 117, 122-123 [1979]; *Matter of "Male" G.*, 97 Misc 2d 283, 284 [Fam Ct, NY County 1978]). In any event, even if some of the progress notes were improperly admitted, the mother's own testimony was sufficient to support a finding of permanent neglect (*see Matter of Lindsay N.*, 300 AD2d 216, 217 [2002]).

Furthermore, based on the evidence adduced at the dispositional hearing, the Family Court properly determined that it was in the best interests of the children to terminate the mother's parental rights (*see Matter of Jewels E.R. [Julien R.]*, 104 AD3d 773, 773-774 [2013]; *Matter of Malen Sansa V. [Nancy J.]*, 70 AD3d 707, 708 [2010]; *Matter of Jennifer R.*, 29 AD3d 1005, 1007 [2006]; *Matter of Desire Star H.*, 202 AD2d 582, 584 [1994]).

The mother's remaining contention is improperly raised for the first time on appeal (*see Matter of Julian J.C. [Juan C.]*, 96 AD3d 937, 938 [2012]; *Matter of Yamillette G. [Marlene M.]*, 74 AD3d 1066, 1068 [2010]). Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.