■ In the Matter of Ariana N.T. Suffolk County Department of Social Services, Respondent; Ana D., Appellant. (Proceeding No. 1.) In the Matter of Shawn H.D. Suffolk County Department of Social Services, Respondent; Ana D., Appellant. (Proceeding No. 2.) In the Matter of Jayson J.T. Suffolk County Department of Social Services, Respondent; Ana D., Appellant. (Proceeding No. 3.) In the Matter of Joan S.T. Suffolk County Department of Social Services, Respondent; Ana D., Appellant. (Proceeding No. 4.) [994 NYS2d 679]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from four orders of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.) (one as to each child), all dated September 3, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the Commissioner of the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). These efforts included facilitating visitation, repeatedly providing the mother with referrals for mental health and drug treatment programs, and repeatedly advising her that it was necessary for her to complete such programs (*see Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d 788 [2014]; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778, 779 [2014]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824 [2013]). Despite these efforts, the mother failed to plan for the children's future (*see* Social Services Law § 384-b [7] [c]; *Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d at 779; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1087-1088 [2011]). Her belated partial compliance with her service plan was insufficient to preclude a finding of permanent neglect (*see Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d at 779; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 544 [2013]; *Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d 874, 875 [2012]; *Matter of Megan R.W. [Connie Lynn M.]*, 69 AD3d 737 [2010]).

Furthermore, the Family Court properly determined that it was in the best interests of the children to terminate the mother's parental rights and free them for adoption (*see* Family Ct Act § 631; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 790 [2013]; *Matter of Alanda Helen M.*, 39 AD3d 859, 860 [2007]; *Matter of Jessica Marie Q.*, 303 AD2d 512, 514 [2003]). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.