■ In the Matter of NICHOLAS A.N. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding Nos. 1 and 4.) In the Matter of DASHAWN N. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding No. 2.) In the Matter of JUDAE N. WESTCHESTER COUNTY DEPARTMENT OF SO-

CIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding No. 3.) In the Matter of KELSEY N.-C., Also Known as KELCIE N.-C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding No. 5.) In the Matter of KELSEY N.C., Also Known as KELCIE N.C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding No. 6.) [998 NYS2d 916]—

Appeals from (1) an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated December 4, 2013, (2) an order of fact-finding and disposition of that court, also dated December 4, 2013, and (3) an order of that court, made after a permanency hearing, also dated December 4, 2013. The first order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the child Nicholas N., terminated her parental rights, transferred guardianship and custody of Nicholas N. to the Westchester County Department of Social Services, and freed Nicholas N. for adoption. The second order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the child Kelsey N.-C., also known as Kelcie N.-C., terminated her parental rights, transferred guardianship and custody of Kelsey N.-C., also known as Kelcie N.-C. to the Westchester County Department of Social Services, and freed Kelsey N.-C., also known as Kelcie N.-C. for adoption. The order made after a permanency hearing, insofar as appealed from, approved the petitioner's permanency goal of adoption as to the children Nicholas N. and Kelsey N.-C., also known as Kelcie N.-C.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements; and it is further,

Ordered that the order made after a permanency hearing is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly found that the petitioner established by clear and convincing evidence that the mother permanently neglected the subject children (see Social Services Law § 384-b [7] [a]). The petitioner presented evidence that it made diligent efforts to encourage and strengthen the parental relationship by, inter alia, facilitating visitation, repeatedly providing the mother with referrals to various mental illness and controlled-substance abuse treatment programs, monitoring her progress in these programs, and repeatedly advising her that it was necessary to complete such programs (see Matter of

*Ariana N.T. [Ana D.]*, 121 AD3d 1009 [2014]; *Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d 788 [2014]; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778 [2014]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824 [2013]). Despite these efforts, the mother failed to plan for the children's future by, inter alia, completing any of the numerous mental illness and drug treatment programs to which she was referred (*see Matter of Ariana N.T. [Ana D.]*, 121 AD3d at 1010; *Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d at 788; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d at 779; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d at 824-825).

Furthermore, the Family Court properly determined that it was in the best interests of both subject children to terminate the mother's parental rights and free them for adoption (*see* Family Ct Act § 631; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789 [2013]; *Matter of Alanda Helen M.*, 39 AD3d 859, 860 [2007]; *Matter of Jessica Marie Q.*, 303 AD2d 512, 514 [2003]).

The mother's remaining contentions are either unpreserved for appellate review, not properly before this Court, or without merit. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.