■ In the Matter of ALEEYAH T.M. HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, Respondent; SHALICIA A., Appellant, et al., Respondent. [7 NYS3d 562]—

Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated December 12, 2013. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court correctly determined that the petitioner demonstrated by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star*

*Leslie W.*, 63 NY2d 136, 142-143 [1984]), and that the mother's belated efforts to comply with the service plan the petitioner developed for her, several years after the child had entered foster care, were insufficient to preclude a finding of permanent neglect (*see Matter of Justice A.A. [Tina M.G.]*, 121 AD3d 886, 887 [2014]; *Matter of Megan R.W. [Connie Lynn M.]*, 69 AD3d 737 [2010]). Moreover, the record demonstrated that the mother failed to gain insight into the problems that caused the child's removal and were preventing the child's return to her care (*see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088 [2011]; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d 868, 869 [2007]).

Likewise, the Family Court's determination that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption by her foster parents is supported by a preponderance of the evidence (*see* Family Court Act § 631; *Matter of Star Leslie W.*, 63 NY2d at 147). Contrary to the mother's contention, a suspended judgment was not warranted, despite her recent progress and efforts to avail herself of the services offered to her, as the child had bonded with the foster parents, who have cared for her for most of her life (*see Matter of Yamilette M.G. [Marlene M.]*, 118 AD3d 698, 700 [2014]; *Matter of Jewels E.R. [Julien R.]*, 104 AD3d 773, 773-774 [2013]; *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]; *Matter of Megan R.W. [Connie Lynn M.]*, 69 AD3d at 737-738).

Finally, the Family Court providently exercised its discretion in denying that branch of the motion of the attorney for the child which was to be relieved from representing the child, as the motion was made toward the conclusion of the dispositional hearing (*see Rivardeneria v New York City Health & Hosps. Corp.*, 306 AD2d 394, 395 [2003]). Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.