Matter of Ruben J. D. (Shante M. V.) (2020 NY Slip Op 00125)





Matter of Ruben J. D. (Shante M. V.)


2020 NY Slip Op 00125


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01029
 (Docket No. B-0503-18)

[*1]In the Matter of Ruben J. D. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Shante M.. (Anonymous), appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Maureen J. Brierton of counsel), for respondent.
Carl S. Chu, Fishkill, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Joan S. Posner, J.), dated December 21, 2018. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected and abandoned the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the Dutchess County Department of Community and Family Services for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The subject child was born in August 2016 and placed in foster care several days after his birth due to a pending neglect petition against the mother, which resulted in a finding of neglect. In January 2018, the petitioner, Dutchess County Department of Community and Family Services (hereinafter DCFS), commenced this proceeding to terminate the mother's parental rights on the ground of permanent neglect. During the fact-finding hearing, DCFS moved for leave to amend the petition to add a cause of action for abandonment, which the Family Court granted. After the fact-finding and dispositional hearings, the court found that the mother permanently neglected and abandoned the child, terminated her parental rights, and transferred guardianship and custody of the child to DCFS for the purpose of adoption. The mother appeals.
The decision to allow a party to amend a pleading is a discretionary matter for the trial court (see Krichmar v Krichmar, 42 NY2d 858, 860). "Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (Ortega v Bisogno & Meyerson, 2 AD3d 607, 609).
Here, the Family Court providently exercised its discretion in granting DCFS's motion for leave to amend the petition to add a cause of action for abandonment. The original petition alleged that for approximately six months prior to the filing of the petition, the mother failed to visit with the child, failed to maintain contact with DCFS, and had not reached out to the caseworker for updates. While initially used to support a cause of action for permanent neglect, these factual allegations also sufficiently allege a cause of action for abandonment. Also, the mother was not prejudiced by the amendment (see Social Services Law § 384-b[4][b]; [5][a]; Matter of Cano v Bussey, 170 AD3d 1001; Matter of Cameron K. [Samuel M.], 104 AD3d 688, 688-689).
We agree with the Family Court's finding that the mother permanently neglected the child. DCFS established by clear and convincing evidence that it made diligent efforts, which were specifically tailored to the mother's individual situation, to encourage and strengthen her relationship with the child (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; Matter of Christopher S. [Elizabeth S.], 155 AD3d 630, 632). Despite these efforts, the mother failed to plan for the child's future by, inter alia, failing to attend scheduled visits and failing to maintain contact with DCFS (see Matter of Stefano E.W. [Stephan J.W.], 172 AD3d 882, 883; Matter of Christopher S. [Elizabeth S.], 155 AD3d at 632; Matter of Ke'von K.C. [Lisette M.C.], 154 AD3d 847; Matter of Darryl A.H. [Olga Z.], 109 AD3d 824). Moreover, the court's finding of abandonment was supported by clear and convincing evidence (see Social Services Law § 384-b[5][a]; Matter of Julius P., 63 NY2d 477, 481; Matter of Jeremiah Kwimea T., 10 AD3d 691).
The mother's remaining contentions are without merit.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court