Matter of Ruben J. D. (Casemo D.) (2020 NY Slip Op 01156)





Matter of Ruben J. D. (Casemo D.)


2020 NY Slip Op 01156


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-14708 
2019-00317
 (Docket No. B-1174-18)

[*1]In the Matter of Ruben J. D. (Anonymous). Dutchess County Department of Social Services, respondent; Casemo D. (Anonymous), appellant.


Carol L. Kahn, New York, NY, for appellant.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Maureen J. Brierton of counsel), for respondent.
Carl S. Chu, Fishkill, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from (1) a decision of the Family Court, Dutchess County (Joan S. Posner, J.), dated November 26, 2018, and (2) an order of fact-finding and disposition of the same court dated December 21, 2018. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The subject child was born in August 2016 and placed in foster care several days after his birth pursuant to a temporary order of removal. In March 2018, the petitioner, Dutchess County Department of Community and Family Services (hereinafter DCFS), commenced this proceeding to terminate the father's parental rights on the ground of permanent neglect. At the conclusion of a fact-finding hearing, the Family Court found that the father permanently neglected the child. After a dispositional hearing, the court terminated the father's parental rights and transferred guardianship and custody of the child to DCFS for the purpose of adoption. The father appeals.
Contrary to the father's contention, DCFS established, by clear and convincing evidence, that it made diligent efforts, which were specifically tailored to the father's individual situation, to encourage and strengthen his relationship with the child (see Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Christopher S. [Elizabeth S.], 155 AD3d 630, 632). These efforts included, inter alia, taking steps to determine what services were offered in Pennsylvania when the [*2]father lived there, attempting to ensure that the appropriate entities in Pennsylvania were able to monitor the father's case, making referrals for substance abuse evaluations, scheduling and providing financial assistance for transportation to parental access sessions, and scheduling drug screenings. Despite these efforts, the father failed to maintain contact with the child, as he missed more than half of his scheduled parental access sessions over a 22-month period (see Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 895). In addition, the father failed to plan for the future of the child by virtue of his refusal to cooperate with several court-ordered drug screenings, his failure to follow up on the caseworker's referral for a second substance abuse evaluation, and his positive drug screening for methamphetamine (see Matter of Christopher S. [Elizabeth S.], 155 AD3d at 632; Matter of Corey S. [Angel S.], 112 AD3d 641, 642). To the extent that the father completed some of the court-ordered programs, partial compliance was insufficient to preclude a finding of permanent neglect (see Matter of "Female" C., 55 AD3d 603, 604). Accordingly, we agree with the Family Court's finding that the father permanently neglected the child.
The father's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court