Matter of Joel J. E. G. (Daniel David G.) (2020 NY Slip Op 03227)





Matter of Joel J. E. G. (Daniel David G.)


2020 NY Slip Op 03227


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-04199
 (Docket No. B-1502-18)

[*1]In the Matter of Joel J. E. G. (Anonymous). New Alternatives for Children, Inc., petitioner-respondent; Daniel David G. (Anonymous), appellant, et al., respondent.


Joseph H. Nivin, Forest Hills, NY, for appellant.
Law Office of James M. Abramson, PLLC, New York, NY, for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated March 22, 2019. The order, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law 384-b, inter alia, to terminate the father's parental rights to the subject child on the ground of permanent neglect. The Family Court, after a fact-finding hearing, found that the father had permanently neglected the child. After a dispositional hearing, the court terminated the father's parental rights and freed the child for adoption. The father appeals.
The Family Court's finding of permanent neglect was supported by clear and convincing evidence. The petitioner met its initial burden of establishing that it undertook diligent efforts to strengthen the parental relationship between the father and the subject child by, among other things, developing an appropriate service plan, scheduling regular parental access, and referring the father for services (see Social Services Law § 384-b[7][a]). The record shows that, despite the petitioner's diligent efforts, the father failed, for a period of at least one year, substantially and continuously or repeatedly, to maintain contact with or plan for the future of the child, although physically and financially capable of doing so (see Social Services Law § 384-b[7][a], [c]; Matter of Maria R.O. [Patrick M.], 176 AD3d 1222, 1222-1223).
Additionally, we agree with the Family Court's determination that it would be in the child's best interests to terminate the father's parental rights. Contrary to the father's contention, a suspended judgment was not appropriate, as the father lacked insight into his problems and did not address the issues that led to the child's removal and the finding of permanent neglect (see Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006).
The father's remaining contention is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court