Matter of Mathias M. G. (Michael G.) (2020 NY Slip Op 03780)





Matter of Mathias M. G. (Michael G.)


2020 NY Slip Op 03780


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-13253
 (Docket No. B-14042-18)

[*1]In the Matter of Mathias M. G. (Anonymous). HeartShare St. Vincent's Services, respondent; Michael G. (Anonymous), appellant.


Christian Myrill, Jamaica, NY, for appellant.
Wingate Kearney & Cullen, LLP, Brooklyn, NY (Claire Steinman of counsel), for respondent.
Adewole Agbayewa, Fresh Meadows, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated October 22, 2019. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child and that the father's consent to the adoption of the child was not required, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in May 2014, and was placed in the petitioner's care in 2017. On August 27, 2018, the petitioner filed a petition pursuant to Social Services Law § 384-b to terminate the father's parental rights on the grounds of, inter alia, permanent neglect. The petitioner also alleged that the father's consent was not required for adoption. Following fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the child, terminated the father's parental rights, and freed the child for adoption by the foster mother. Further, the court found that the father's consent was not required for adoption. The father appeals.
Contrary to the father's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts, which were specifically tailored to the father's individual situation, to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; Matter of Ruben J.D. [Shante M.V.], 179 AD3d 675, 676; Matter of Christopher S. [Elizabeth S.], 155 AD3d 630, 632). These efforts included, inter alia, facilitating visitation, referring the father to counseling, and encouraging compliance with programs. Despite these efforts, the father failed to plan for the child's future (see Matter of Melisha M.H. [Sheila B.R.], 119 AD3d 788; Matter of Darryl A.H. [Olga Z.], 109 AD3d 824, 824).
Moreover, we agree with the Family Court's determination that termination of the father's parental rights was in the child's best interests (see Matter of Hector V.P. [Mariana V.], 146 AD3d 889, 890; Matter of Zachi D.D. [Jeffrey D.], 124 AD3d 776, 777). Contrary to the father's contention, the court providently exercised its discretion in declining to issue a suspended judgment since the evidence established that it would be in the child's best interests to be freed for adoption by his foster mother (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Floyd J.B. [Floyd B.], 172 AD3d 1200, 1202).
The father's constitutional challenge to the "clear and convincing evidence" standard of proof applicable in termination of parental rights proceedings is unpreserved for appellate review (see Matter of Floyd J..B. [Floyd B.], 172 AD3d at 1201).
The father's remaining contentions are without merit.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court