Matter of Mateo M. Q. (Jessica Q.) (2020 NY Slip Op 04311)





Matter of Mateo M. Q. (Jessica Q.)


2020 NY Slip Op 04311


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-09295
2018-13253
 (Index No. B-104999-17)

[*1]In the Matter of Mateo M. Q. (Anonymous). Suffolk County Department of Social Services, respondent; Jessica Q. (Anonymous), appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Alex J. Berman of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from (1) an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated July 12, 2018, and (2) an order of disposition of the same court dated October 26, 2018. The order of fact-finding, after a hearing, found that the mother permanently neglected the subject child. The order of disposition, after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In June 2017, the petitioner, Suffolk County Department of Social Services (hereinafter DSS), commenced this proceeding to terminate, on the ground of permanent neglect, the parental rights of the mother of a child born in January 2014. According to DSS, at birth, the child was placed in foster care with his maternal aunt because both the mother and the child tested positive for amphetamines and marijuana. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to DSS for the purpose of adoption. The mother appeals.
In a proceeding to terminate parental rights based on permanent neglect, DSS, as the petitioning agency, must first establish, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the relationship between the parent and the child (see Social Services Law § 384-b[7][a]; Matter of Star Leslie W., 63 NY2d 136, 142). These efforts must [*2]include reasonable attempts at providing the parent with counseling, visits with the child, service referrals, and updates on the child's progress, as well as any other measures that would encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[7][f]; Matter of Star Leslie W., 63 NY2d at 142; Matter of Christopher S. [Elizabeth S.], 155 AD3d 630, 632).
Here, contrary to the mother's contention, we agree with the Family Court's determination that DSS met its initial burden of establishing, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship between the mother and the child (see Social Services Law § 384-b[7][f]; Matter of Corey S. [Angel S.], 112 AD3d 641, 642; Matter of Carmine A.B. [Nicole B.], 101 AD3d 711, 712-713). These efforts included, inter alia, making multiple referrals to mandated substance abuse and mental health programs, following up with those programs, and repeatedly advising the mother of the need to attend and complete such programs, as well as providing information to the mother about financial assistance programs and facilitating visitation between the mother and the child (see Matter of Corey S. [Angel S.], 112 AD3d at 642; Matter of Carmine A.B. [Nicole B.], 101 AD3d at 712-713). Although the DSS worker who testified indicated that she only had two face-to-face meetings with the mother between June 2016 and June 2017, she testified that she also had at least a dozen telephone calls with the mother during that time. In addition, although some of the referrals given to the mother were for programs in Suffolk County, the DSS worker testified that she also provided referrals to the mother for programs in Nassau County.
DSS also established that the mother permanently neglected the child by failing to plan for the child for the statutorily relevant time period because she did not successfully address the problem of her continued substance abuse and failed to complete a drug treatment program (see Social Services Law § 384-b[7][a], [c]; Matter of Nathaniel T., 67 NY2d 838, 840). Specifically, although DSS referred the mother to a number of outpatient drug treatment programs, she failed to complete any of the programs and was discharged from those she attended for attendance issues and/or positive toxicology results (see Matter of Corey S.[Angel S.], 112 AD3d at 642; Matter of Carmine A.B. [Nicole B.], 101 AD3d at 712-713). Neither the mother's partial compliance nor her post-petition progress precludes a finding of permanent neglect (see Matter of Christopher S. [Elizabeth S.], 155 AD3d at 632; Matter of Aleeyah T.M. [Shalicia A.], 127 AD3d 1197, 1198).
Finally, we agree with the Family Court's determination that termination of the mother's parental rights with the goal of adoption was in the best interests of the child (see Family Ct Act § 631; Matter of Carmine A.B. [Nicole B.], 101 AD3d at 712-713). Contrary to the mother's contention, the circumstances of this case did not warrant a suspended judgment (see Matter of Aleeyah T.M. [Shalicia A.], 127 AD3d at 1198).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court