Matter of Alfonso J. C. (Jamie A.) (2020 NY Slip Op 07055)





Matter of Alfonso J. C. (Jamie A.)


2020 NY Slip Op 07055


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2019-08788
 (Docket Nos. B-2589-16, B-2593-16, B-2599-16, B-20566-16)

[*1]In the Matter of Alfonso J. C. (Anonymous), Jr. Suffolk County Department of Social Services, respondent; Jamie A. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Adriannha A. D. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie A. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Harold A. R. A. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie A. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Anthony J. A. A. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie A. (Anonymous), appellant. (Proceeding No. 4.)


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Alex J. Berkman of counsel), for respondent.
David M. Johnson, Patchogue, NY, attorney for the children.



DECISION & ORDER
In four related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6, the father appeals from an order of disposition of the Family Court, Suffolk County (Bernard Cheng, J.), dated June 19, 2019. The order of disposition, upon an order of fact-finding of the same court dated July 12, 2018, and after a dispositional hearing, terminated the father's parental rights on the ground of permanent neglect and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings, inter alia, to terminate the father's parental rights to the subject children on the ground of permanent neglect. After fact-finding and [*2]dispositional hearings, the Family Court found, among other things, that the father permanently neglected the children, terminated his parental rights, and transferred custody and guardianship of the children to the petitioner for the purpose of adoption. The father appeals.
The Family Court's finding of permanent neglect was supported by clear and convincing evidence. The petitioner met its initial burden of demonstrating that it undertook diligent efforts, which were specifically tailored to the father's individual situation, to encourage and strengthen the parental relationship between the father and the subject children (see Social Services Law § 384-b[7][f]; Matter of Mateo M.Q. [Jessica Q.], 185 AD3d 1037, 1038; Matter of Ruben J.D. [Shante M.V.], 179 AD3d 675, 676; Matter of Maria R.O. [Patrick M.], 176 AD3d 1222, 1222-1223). These efforts included referrals for drug treatment, domestic violence prevention, and parenting classes, repeatedly advising the father of the need to attend and complete such programs, as well as providing information to the father about facilitating visitation between him and the children. Despite these efforts, the father failed to plan for the children's future (see Matter of Mathias M.G. [Michael G.], 185 AD3d 684, 684; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079; Matter of Innocence A.M.-F. [Khadijah N.M.-F], 173 AD3d 869, 870).
"[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved" (Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). "'The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect'" (Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611, quoting Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774). A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child (see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d 977, 978). A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests (see Matter of Michael B., 80 NY2d at 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d at 1007). Here, we agree with the Family Court's determination that it would be in the children's best interests to terminate the father's parental rights and that a suspended judgment was not appropriate, since the father lacked insight into his problems and failed to address the issues that led to the children's removal and the finding of permanent neglect (see Matter of Joel J.E.G. [Daniel David G.], 184 AD3d 641, 641-642; Matter of Anjae R.K. [Johnayia S.], 183 AD3d 735, 736; Matter of Adam M.D. [Victoria M.C.], 170 AD3d at 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978).
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court