SIMPLEX GRINNELL, LP, Respondent, v RUBY WESTON MANOR, Appellant. [873 NYS2d 210]—

In an action, inter alia, to recover on an account stated, the defendant appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated June 26, 2007, which granted the plaintiff's motion for summary judgment on the third cause of action to recover on an account stated, and (2) a judgment of the same court dated September 23, 2008, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $102,415.37.

Ordered that the appeal from the order dated June 26, 2007, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment on the third cause of action for an account stated is denied, and the order dated June 26, 2007, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff failed to establish its entitlement to judgment as a matter of law on the third cause of action based on an account stated. There was no admissible evidence submitted as to when the plaintiff's invoices were sent to, or received by, the defendant (*see Yannelli, Zevin & Civardi v Sakol*, 298 AD2d 579, 581 [2002]).

The plaintiff's counsel lacked personal knowledge to establish that the invoices at issue had indeed been mailed or delivered to the defendant. While an attorney's affirmation may serve as the vehicle for the submission of attachments which provide "evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]), here, the plaintiff's counsel provided no basis to establish that he was familiar with the plaintiff's business practices or that he had personal knowledge of the transactions or events at issue (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Accordingly, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law and, therefore, we need not reach the question of the sufficiency of the evidence presented in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Citibank v Joffe*, 265 AD2d 291 [1999]).

The defendant's contentions relating to the dismissal of its counterclaim in an order of the Supreme Court dated September 23, 2008, are not brought up for review on the appeal from the judgment dated September 23, 2008. Accordingly, we do not review those contentions, as they are not properly before us on these appeals. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.