■ In the Matter of MALE G., Also Known as BABY BOY G. and Another. SCO FAMILY OF SERVICES et al., Respondents; DAVID D., Also Known as JASON B., Appellant, et al., Respondent. [993 NYS2d 514]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect,

the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Arias, J.), dated February 21, 2013, as, after fact-finding and dispositional hearings, and upon his default in appearing at the dispositional hearing, found that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the subject child to the Commissioner of the Administration for Children's Services of the City of New York and the petitioner SCO Family of Services for the purpose of adoption.

Ordered that the appeal from so much of the order of fact-finding and disposition as terminated the father's parental rights and freed the child for adoption, upon his default in appearing at the dispositional hearing, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The father may not appeal from the dispositional portion of the order in light of his failure to appear at the dispositional hearing (*see Matter of Jahira N.D. [Shaniqua S.S.]*, 111 AD3d 826, 826-827 [2013]; *Matter of Amber Megan D.*, 54 AD3d 338, 338 [2008]).

The Family Court properly found that the father permanently neglected the subject child. The petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship. These efforts included facilitating visitation and providing the father with referrals to drug treatment and parenting skills programs (*see* Social Services Law § 384-b [7]; *Matter of Sheila G.*, 61 NY2d 368, 380-381 [1984]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d 533, 534 [2013]; *Matter of Christina M.R. [Lynette Cassandra C.]*, 101 AD3d 1021 [2012]). The petitioner further established, by clear and convincing evidence that, despite its efforts, the father failed to plan for the child's future during the relevant statutory period (*see Matter of Devon M. [Dina J.]*, 119 AD3d 864, 865 [2014]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]; *Matter of Jordan F.*, 62 AD3d 698, 698-699 [2009]; *Matter of Christopher A.R.*, 57 AD3d 789, 790 [2008]). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.