■ In the Matter of ZACHI D.D., SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY D., Appellant. [1 NYS3d 365]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated December 23, 2013. The order, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred the guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court's finding that the father permanently neglected the subject child was supported by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]). The petitioner made the requisite diligent efforts to encourage and strengthen the parental relationship. Those efforts included arranging for the child's visitation with the father, who was incarcerated for

part of the relevant period, repeatedly reminding the father of the need to complete the court-ordered programs, and keeping the father apprised of the child's progress (*see Matter of Jessica C. [Johanna B.]*, 117 AD3d 1044 [2014]; *Matter of Dutchess County Dept. of Social Servs. [Tony R.]*, 115 AD3d 952 [2014]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 789-790 [2013]; *Matter of Joannis P. [Joseph Q.]*, 110 AD3d 1188, 1190 [2013]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824, 824 [2013]). Despite the petitioner's diligent efforts, the father failed to adequately plan for his child's future (*see* Social Services Law § 384-b [7] [c]; *Matter of Angel R.F. [Nicholas F.]*, 114 AD3d 781, 782 [2014]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824 [2013]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 543-544 [2013]; *Matter of Kira J. [Lakisha J.]*, 108 AD3d 541, 541 [2013]).

Furthermore, the Family Court properly determined that it was in the best interests of the child to terminate the father's parental rights (*see Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950 [2012]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055 [2011]; *Matter of Jamel Raheem B. [Vernice B.]*, 89 AD3d 933 [2011]; *Matter of Tyria W.*, 41 AD3d 859 [2007]). Termination of parental rights will free the child for adoption, providing him with the opportunity to have a permanent family (*see Matter of Anthony R. [Juliann A.]*, 90 AD3d at 1056-1057). The entry of a suspended judgment was not appropriate here in light of the father's lack of insight into his problems and his failure to acknowledge and address the issues which led to the child's removal from his custody in the first instance (*see Matter of Jamel Raheem B. [Vernice B.]*, 89 AD3d at 935; *see also Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950 [2012]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055 [2011]; *Matter of Tyria W.*, 41 AD3d 859 [2007]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.