■ In the Matter of TSULYN R.A. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH A., Appellant. BARBARA A., Nonparty Respondent. [26 NYS3d 533]—

Appeals from (1) a decision of the Family Court, Westchester County (David Klein, J.), entered December 20, 2014, and (2) an order of fact-finding and disposition of that court (Mary Anne Scattaretico-Naber, J.), entered February 19, 2015. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the decision, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

In this neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition which found that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the Westchester County Department of Social Services for the purpose of adoption.

Contrary to the mother's contention, the agency established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen her relationship with the subject child, which efforts were specifically tailored to the mother's individual situation (*see* Social Services Law § 384-b [3] [g]; [7]; *see Matter of Maria Ann P.*, 296 AD2d 574 [2002]). These efforts included, inter alia, making numerous referrals to mental health programs and parenting services, following up with those programs and others suggested by the mother, encouraging the mother's compliance with the programs, informing the mother of the child's special needs and progress in services, and facilitating visitation (*see* Social Services Law § 384-b [7] [f]; *Matter of Megan R.W. [Connie Lynn M.]*, 69 AD3d 737, 737-738 [2010]). Despite these efforts, the mother failed to plan for the child's future. The mother failed to successfully complete a mental health program or gain insight into her previous

behavior and the need for services, and missed numerous supervised visitations with the child (*see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Nicholas A.N. [Youvonne N.]*, 124 AD3d 896 [2015]; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723, 726 [2014]). In this proceeding based on permanent neglect, the testimony of a psychiatrist or psychologist was not required (*see Matter of Hime Y.*, 52 NY2d 242, 250-251 [1981]; *cf.* Social Services Law § 384-b [6] [c], [e]). There was clear and convincing evidence of the mother's permanent neglect of the child (*see* Social Services Law § 384-b [3] [g]).

Moreover, the Family Court properly determined that termination of the mother's parental rights, rather than the entry of a suspended judgment, was in the child's best interests (*see* Family Ct Act § 631; *Matter of Essence L.M. [Eddy M.]*, 128 AD3d 826, 827 [2015]).

The mother's remaining contentions are without merit. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.