In the Matter of HECTOR V.P. CATHOLIC GUARDIAN SERVICES et al., Respondents; MARIANA V., Appellant. (Proceeding No. 1.) In the Matter of PEDRO V.P. CATHOLIC GUARDIAN SERVICES et al., Respondents; MARIANA V., Appellant. (Proceeding No. 2.) [45 NYS3d 201]—

Appeal by the mother from two orders of fact-finding and disposition (one as to each child) of the Family Court, Richmond County (Arnold Lim, J.), both dated February 2, 2016. The orders, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the Commissioner of the Administration for Children's Services of the City of New York and Catholic Guardian Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The petitioner Catholic Guardian Services filed two petitions, one as to each of the subject children, pursuant to Social Services Law § 384-b and Family Court Act article 6, to terminate the mother's parental rights on the ground of permanent neglect. In the two orders of fact-finding and disposition appealed from, made after fact-finding and dispositional hearings, the Family Court found that the mother had permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the chil-

dren to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York. The mother appeals.

The Family Court improperly determined that the petitioner established a prima facie case of permanent neglect on the basis of a trial brief, consisting of a summary of facts submitted by its counsel (*see generally Simplex Grinnell, LP v Ruby Weston Manor*, 59 AD3d 610, 611 [2009]), and the mother's failure to dispute the factual allegations in the trial brief (*see generally Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]; *Matter of Philip M.*, 82 NY2d 238, 244 [1993]). However, the petitioner's progress notes, which were admitted into evidence without objection, established a prima facie case of permanent neglect, and the mother had the opportunity to cross-examine the petitioner's caseworker, who was called as a witness by the attorney for the children (*see generally Matter of Angel P. [Evelyn C.—Keith G.]*, 137 AD3d 793, 795 [2016]; *Matter of Jeremiah J.W. [Tionna W.]*, 134 AD3d 848, 849 [2015]).

Contrary to the mother's contention, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d 788 [2014]; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778, 779 [2014]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824 [2013]). These efforts included facilitating visitation, providing a visitation coach to encourage interaction with the children during visits, providing the mother with referrals to parenting classes, domestic violence programs, and mental health therapy, and finding suitable housing for her. Despite these efforts, the mother failed to plan for the children's future, and failed to correct the conditions that led to the removal of the children from her custody (*see Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d at 788; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d at 779; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1087-1088 [2011]).

The Family Court properly determined that it was in the best interests of the children to terminate the mother's parental rights (*see Matter of Zachi D.D. [Jeffrey D.]*, 124 AD3d 776, 777 [2015]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d at 1088-1089). Contrary to the mother's contention, the entry of a suspended judgment was not appropriate here in light of the mother's continued lack of insight into her problems and the children's special needs, and her failure to acknowledge and address many of the issues which led to the children's removal from her in the first instance (*see Matter of Zachi D.D. [Jeffrey*

*D.]*, 124 AD3d at 777; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d at 1088-1089; *Matter of Amber D.C. [Angelica C.]*, 79 AD3d 865, 866 [2010]). Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.