■ In the Matter of STEPHON B.M., III. FORESTDALE, INC., Respondent; BARRY J.M., JR., Appellant, et al., Respondent. [52 NYS3d 501]—

Appeal by the father from an order of fact-finding and disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated October 10, 2015. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the child to Forestdale, Inc., and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights with respect to the subject child on the ground of permanent neglect. In an order of fact-finding and disposition, made after fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The father appeals.

The Family Court's finding that the father permanently ne-

glected the subject child was supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]). The petitioner made the requisite diligent efforts to encourage and strengthen the parental relationship. Those efforts included, inter alia, arranging for the child's visitation with the father, and referring the father to domestic violence counseling (see Matter of Angel M.R.J. [Rachel R.], 124 AD3d 657 [2015]; Matter of Jessica C. [Johanna B.], 117 AD3d 1044, 1044-1045 [2014]; Matter of Dutchess County Dept. of Social Servs. [Tony R.], 115 AD3d 952 [2014]). Despite the petitioner's diligent efforts, the father failed to adequately plan for his child's future (see Social Services Law § 384-b [7] [c]; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022, 1023 [2015]; Matter of Kayla S.-G. [David G.], 125 AD3d 980 [2015]; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 543-544 [2013]).

Furthermore, the Family Court properly determined that it was in the best interests of the child to terminate the father's parental rights (see Matter of Zachi D.D. [Jeffrey D.], 124 AD3d 776, 777 [2015]; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1088 [2011]). Contrary to the father's contention, the entry of a suspended judgment was not appropriate in light of his continued lack of insight into his problems and the child's special needs, as well as the father's failure to acknowledge and address many of the issues which led to the child's removal in the first instance (see Matter of Hector V.P. [Mariana V.], 146 AD3d 889, 890 [2017]; Matter of Zachi D.D. [Jeffrey D.], 124 AD3d at 777; Matter of Zechariah J. [Valrick J.], 84 AD3d at 1088-1089; Matter of Amber D.C. [Angelica C.], 79 AD3d 865, 866 [2010]). Rivera, J.P., Austin, Miller and Barros, JJ., concur.