■ In the Matter of SHAQUAN D.M., Also Known as SHAQUAN M. NEW YORK FOUNDLING HOSPITAL, Respondent; SHAQUANNA M., Appellant. [52 NYS3d 660]—

Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated March 29, 2016. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

In June 2009, when the subject child was four months old, the police were contacted by the maternal grandmother, who observed the mother clutching the child to her chest while pacing and mumbling to herself. When the police responded, it took four officers to safely remove the child from the mother. The mother was then taken to a hospital for psychiatric evaluation and treatment, and the child was placed in foster care.

In February 2013, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the basis that she was unable to provide adequate care, supervision, and guidance for the child due to her mental illness, and that the child was permanently neglected. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The mother appeals.

Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen her relationship with the child, which efforts were specifically tailored to the mother's individual situation (*see* Social Services Law § 384-b [7] [a]; [3] [g] [i]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429

[2012]; *Matter of Sheila G.*, 61 NY2d 368, 380-381 [1984]; *Matter of Elijah M.A. [Mohammed A.]*, 135 AD3d 744, 746 [2016]). These efforts included, inter alia, making referrals to mental health, parenting, and housing services, following up with those programs, encouraging the mother's compliance with the programs, and facilitating visitation (*see* Social Services Law § 384-b [7] [f]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d at 429; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Despite these efforts, the mother failed to plan for the child's future. The mother failed to successfully complete a mental health program, manage her mental health issues, or gain insight into her previous behavior and the need for services, and she was either late to, or entirely missed, numerous supervised visitations with the child. Thus, there was clear and convincing evidence of the mother's permanent neglect of the child (*see* Social Services Law § 384-b [3] [g]; *Matter of Tsulyn R.A. [Deborah A.]*, 135 AD3d 935, 936 [2016]; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723, 726 [2014]; *Matter of Christina M.R. [Lynette Cassandra C.]*, 101 AD3d 1021, 1022 [2012]).

Moreover, the Family Court properly determined that termination of the mother's parental rights was in the child's best interests (*see* Family Ct Act § 631; *Matter of Stephon B.M. [Barry J.M.]*, 149 AD3d 1080, 1081 [2d Dept 2017]; *Matter of Hector V.P. [Mariana V.]*, 146 AD3d 889, 890 [2017]; *Matter of Chanel C. [Vanessa N.]*, 118 AD3d 826, 828-829 [2014]). Contrary to the mother's contention, the entry of a suspended judgment was not appropriate in light of her continued lack of insight into her problems, and her failure to acknowledge and address the issues preventing the return of the child to her care (*see* *Matter of Lasuree A.B. [Carla S.B.]*, 141 AD3d 578, 579 [2016]).

The mother's remaining contention is without merit. Mastro, J.P., Hall, Austin and Barros, JJ., concur.