■ In the Matter of SYASIAH A.-M.L. GRAHAM WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent; VALISHA A.N., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of CHARMAINE C.D. GRAHAM WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent; VALISHA A.N., Appellant, et al., Respondent. (Proceeding No. 2.) [61 NYS3d 675]—Appeals by the mother from two orders of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.) (one as to each child), both dated August 5, 2016. The orders, insofar as appealed from, upon decisions of that court dated March 7, 2016, and May 16, 2016, made after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated the mother's parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that on the Court's own motion, the notice of appeal from the decision dated May 16, 2016, is deemed to be a premature notice of appeal from the orders of fact-finding and disposition (see CPLR 5520 [c]); and it is further,

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen her relationship with the subject children (see Social Services Law § 384-b [7] [a]; Matter of J.R., 152 AD3d 774 [2017]; Matter of Jahnel B. [Carlene Elizabeth B.], 143 AD3d 416, 417 [2016]; Matter of Ailayah Shawneque L., 40 AD3d 1097 [2007]). The petitioner also established, by clear and convincing evidence, that despite these efforts, the mother failed to plan for the children's future. The mother, among other things, failed to successfully complete an alcohol treatment program and consistently cooperate with her mental health treatment, and was late in appearing for scheduled visitation with the children and in returning the children after visitation (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1120 [2017]; Matter of Tsulyn R.A. [Deborah A.], 135 AD3d 935 [2016]; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 726 [2014]). Accordingly, the Family Court properly determined that the mother permanently neglected the children.

The mother's remaining contentions are without merit. Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.