Appeals by the mother, and separate appeals by the father, from two orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (llana Gruebel, J.), both dated March 29, 2016. The orders, after fact-finding and dispositional hearings, found that the mother and the father permanently neglected the subject children, terminated their parental rights, and transferred guardianship and custody of the children to the Commissioner of the Administration for Children’s Services of the City of New York and Little Flower Children and Family Services of New York for the purpose of adoption.
 

 Ordered that the appeals from so much of the order of fact-finding and disposition pertaining to the child Abdul M.U., also known as Abdul U., also known as Abdul B., as terminated the parental rights of the mother and the father with respect to that child are dismissed as academic, without costs or disbursements; and it is further,
 

 Ordered that so much of the father’s appeal from the order of fact-finding and disposition pertaining to the child Kolsuma B. as terminated his parental rights upon his default in appearing at the dispositional hearing is dismissed, without costs or disbursements; and it is further,
 

 Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.
 

 In September 2013, the petitioner, Little Flower Children and Family Services of New York, filed petitions to terminate the parental rights of the mother and the father as to the two subject children, alleging that they permanently neglected those children. Following fact-finding and dispositional hearings, the Family Court determined that the petitioner proved the allegations of permanent neglect by clear and convincing evidence, terminated the parental rights of the mother and the father, and transferred guardianship and custody of the children for the purpose of adoption. The mother and the father appeal.
 

 The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship and that despite those efforts, the mother and the father failed to consistently maintain contact with the children or adequately plan for the children’s future (see Social Services Law § 384-b [7]; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010 [2017); Matter of Stephon B.M. [Barry J.M.], 149 AD3d 1080, 1081 [2017]; Matter of Devon D.T. [Davina T.], 135 AD3d 947, 947 [2016]; Matter of Clair E.F. [Benjamin F. — Karen M.], 122 AD3d 847, 847 [2014]). Accordingly, the Family Court properly found that the mother and the father permanently neglected the children.
 

 The appeals from so much of the order of fact-finding and disposition pertaining to Abdul M.U., also known as Abdul U., also known as Abdul B., as terminated the parental rights of the mother and the father must be dismissed as academic since that child has reached the age of 18 (see Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 730 [2012]; Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1033 [2010]). Further, the father may not appeal from the dispositional portion of the order of fact-finding and disposition pertaining to Kolsuma B. in light of his default in appearing at the disposi-tional hearing (see Matter of Male G. [David D.], 121 AD3d 789, 790 [2014]; Matter of Jahira N.D. [Shaniqua S.S.], 111 AD3d 826, 826-827 [2013]).
 

 The parties’ remaining contentions are without merit.
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.