Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (Barbara Salinitro, J.), dated March 14, 2016. The order, after fact-finding and dispositional hearings, and upon the mother’s default in appearing at the dispositional hearing, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.
 

 Ordered that the appeal from so much of the order of fact-finding and disposition as terminated the mother’s parental rights and freed the child for adoption, upon her default in appearing at the dispositional hearing, is dismissed, without costs or disbursements; and it is further,
 

 Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 The petitioner commenced this proceeding to terminate the mother’s parental rights to the subject child on the ground of permanent neglect. The mother appeared for a portion of the fact-finding hearing and testified on her own behalf. However, she defaulted in appearing at the dispositional hearing.
 

 After the fact-finding and dispositional hearings, the Family Court found that the mother had permanently neglected the child, terminated her parental rights, and transferred custody and guardianship of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The mother appeals.
 

 Contrary to the mother’s contention, at the fact-finding hearing, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen her relationship with the child, in a manner specifically tailored to her individual situation (see Social Services Law § 384-b [7] [a]; [3] [g] [i]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]; Matter of Sheila G., 61 NY2d 368, 380-381 [1984]). These efforts included, inter alia, making repeated referrals to mental health services, following up with and encouraging the mother’s compliance with those programs, and attempting to facilitate visitation (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1119-1120 [2017]; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010 [2017]; Matter of Tsulyn R.A. [Deborah A.], 135 AD3d 935 [2016]). Despite the petitioner’s diligent efforts to encourage and strengthen the parent-child relationship, the mother failed to regularly visit the child or plan for his future. Accordingly, the Family Court properly found that the mother permanently neglected the child (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1119-1120; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d at 1010; Matter of Tsulyn R.A. [Deborah A.], 135 AD3d at 935).
 

 The mother may not appeal from the dispositional portion of the order of fact-finding and disposition in light of her default in appearing at the dispositional hearing (see Matter of Male G. [David D.], 121 AD3d 789, 790 [2014]; Matter of Jahira N.D. [Shaniqua S.S.], 111 AD3d 826, 826-827 [2013]). Accordingly, her appeal from that portion of the order of fact-finding and disposition must be dismissed.
 

 Rivera, J.R, Cohen, Hinds-Radix and Brathwaite Nelson, JJ., concur.