Appeals from (1) an order of fact-finding of the Family Court, Putnam County (James F. Reitz, J.), entered March 28, 2016, and (2) an order of disposition of that court entered October 28, 2016. The order of fact-finding, after a hearing, found that the father permanently neglected the subject child. The order of disposition,- after a dispositional hearing, terminated the father’s parental rights and freed the child for adoption.
 

 Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
 

 Ordered that the order of disposition is affirmed, without costs or disbursements.
 

 On July 9, 2014, the petitioner filed a petition pursuant to Social Services Law § 384-b to terminate the father’s parental rights to the subject child on the ground of permanent neglect. After a fact-finding hearing, the Family Court found that the father had permanently neglected the child. After a disposi-tional hearing, the court terminated the father’s parental rights and freed the child for adoption. The father appeals.
 

 A parent in a proceeding pursuant to Social Services Law § 384-b to terminate parental rights has the right to the assistance of counsel (see Family Ct Act § 262 [a] [iv]). A parent, however, may waive the right to counsel and opt for self-representation (see People v Arroyo, 98 NY2d 101, 103 [2002]; Matter of Graham v Rawley, 140 AD3d 765, 767 [2016]; Matter of Massey v Van Wyen, 108 AD3d 549, 550 [2013]). However, the right to selfrepresentation is “not . . . unfettered” (Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011]). In order to invoke the right to defend pro se, “(1) the request [must be] unequivocal and timely asserted, (2) there [must be] a knowing and intelligent waiver of the right to counsel, and (3) the defendant [must not have] engaged in conduct which would prevent the fair and orderly exposition of the issues” (People v McIntyre, 36 NY2d 10, 17 [1974]; see Matter of Kathleen K. [Steven K.], 17 NY3d at 385). “An application is ‘timely interposed when it is asserted before the trial commences’ ” (Matter of Kathleen K. [Steven K.], 17 NY3d at 387, quoting People v McIntyre, 36 NY2d at 17; see People v Jenkins, 45 AD3d 864, 865 [2007]). “If the request is made thereafter, the ‘right is severely constricted’ and the trial court must exercise its sound discretion and grant the request only under compelling circumstances” (Matter of Kathleen K. [Steven K. ], 17 NY3d at 387, quoting People v McIntyre, 36 NY2d at 17).
 

 Here, the Family Court providently exercised its discretion in denying the father’s request to represent himself since it was untimely, and the father proferred no compelling circumstances to justify the need to grant the application (see Matter of Kathleen K. [Steven K.], 17 NY3d at 387; People v McIntyre, 36 NY2d at 17; People v Jenkins, 45 AD3d at 865).
 

 Contrary to the father’s contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen his relationship with the child, which efforts were specifically tailored to the father’s individual situation (see Social Services Law § 384-b [7] [a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430 [2012]; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1119-1120 [2017]; Matter of Fatoumata D. [Sokona D.], 100 AD3d 464, 465 [2012]). These efforts included, inter alia, providing case work counseling, making referrals for mental health therapy, psychological evaluations, parenting programs, and anger management programs, attempting to follow up with those programs, encouraging compliance with the programs, and facilitating supervised visitation (see Social Services Law § 384-b [7] [f]; Matter of Melisha M.H. [Sheila B.R.], 119 AD3d 788, 788 [2014]; Matter of Elasia A.D.B. [Crystal D.G.], 118 AD3d 778, 779 [2014]; Matter of Darryl A.H. [Olga Z.], 109 AD3d 824, 824 [2013]). Despite these efforts, the father failed to plan for the child’s future. During the relevant time period, the father failed to gain insight into his previous behavior and failed to address and overcome the specific personal and familial problems which endangered the child, and which could endanger the child in the future (see Matter of Tammy B., 185 AD2d 881, 882 [1992]). The father’s partial compliance with the service plan was insufficient to preclude a finding of permanent neglect (see Matter of Elasia A.D.B. [Crystal D.G.], 118 AD3d at 779; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 544 [2013]; Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874, 875 [2012]), and there was clear and convincing evidence of the father’s permanent neglect of the child (see Matter of Jeremy J.M. [Brandy T.], 118 AD3d 796, 797 [2014]; Matter of Mekhi Kahalil G. [Ainsley M.J.], 99 AD3d 1003, 1005 [2012]).
 

 Moreover, the Family Court properly found, by a preponderance of the evidence, that termination of the father’s parental rights was in the child’s best interests (see Family Ct Act § 631; Matter of Stephon B.M. [Barry J.M.], 149 AD3d 1080, 1080 [2017]; Matter of Hector V.P. [Mariana V.], 146 AD3d 889, 890 [2017]). Contrary to the father’s contention, the entry of a suspended judgment was not appropriate in light of his continued lack of insight into his problems, and his failure to acknowledge and address the issues preventing the return of the child to his care (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120; Matter of Lasuree A.B. [Carla S.B.], 141 AD3d 578, 579 [2016]).
 

 Dillon, J.P., Duffy, Connolly and Christopher, JJ., concur.