Matter of Isiah M. (Teresa M.) (2018 NY Slip Op 01060)





Matter of Isiah M. (Teresa M.)


2018 NY Slip Op 01060


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-10712
2016-10715
 (Docket Nos. B-3862-12, B-3863-12)

[*1]In the Matter of Isiah M. (Anonymous). Community Counseling and Mediation, et al., respondents; Teresa M. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Jerome W. M. (Anonymous). Community Counseling and Mediation, et al., respondents; Teresa M. (Anonymous), et al., appellants. (Proceeding No. 2)


Elliot Green, Brooklyn, NY, for appellant Teresa M.
Mark Brandys, New York, NY, for appellant Elmore M.
James M. Abramson, PLLC, New York, NY (Rachel Ambats of counsel), for respondent Community Counseling and Mediation.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
Appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Amanda White, J.) (one as to each child), both dated September 20, 2016. The orders, made after fact-finding and dispositional hearings, found that the mother and the father permanently neglected the subject children, terminated their parental rights, and transferred guardianship and custody of the children to the Commissioner of Social Services of the City of New York and to Coalition for Hispanic Family Services for the purpose of adoption.
ORDERED that the appeals from so much of the orders of fact-finding and disposition as terminated parental rights, upon the default by the mother and the father in appearing at the dispositional hearing, are dismissed, without costs or disbursements; and it is further,
ORDERED that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.
The two subject children, born in April 2004 and in June 2006, respectively, were placed in foster care in August 2006, released to their parents on a trial discharge in March 2011, and [*2]returned to foster care in April 2011, upon, inter alia, reports that the father was abusing drugs in the home. In February 2012, the petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the mother and the father on the basis of permanent neglect and mental illness. Following a fact-finding hearing, the Family Court found that the mother and the father permanently neglected the children by, among other things, failing to plan for the children's future, although physically and financially able to do so, notwithstanding the petitioner's diligent efforts to encourage and strengthen the parental relationship. At the subsequent dispositional hearing, the mother and the father failed to appear on the last day, and the court proceeded in their absence without the participation of their attorneys. Thereafter, the court determined that the mother and the father permanently neglected the children, terminated their parental rights, and transferred guardianship and custody of the children for the purpose of adoption. The mother and the father appeal.
The Family Court properly found that the mother and the father permanently neglected the children. The petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Syasiah A.-M.L. [Valisha A.N.], 154 AD3d 755, 755; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1119-1120; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010; Matter of Hector V.P. [Marianna V.], 146 AD3d 889, 890). These efforts included, inter alia, facilitating visitation, providing transportation assistance and other financial support, supporting the release of the children on a trial discharge and providing 24-hour homemaking services, individual and family counseling, and mental health services, and encouraging the parents to comply with the programs available to them (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1119-1120; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d at 1010; Matter of Hector V.P. [Mariana V.], 146 AD3d at 890). Despite these efforts, the mother and the father failed to plan for the children's future by failing to gain insight in their respective behavior and the problems that caused the children to be placed in foster care (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1119-1120; Matter of Elijah M.A. [Mohammed A.], 135 AD3d 744, 746; Matter of Victoria C. [Cassandra C.], 106 AD3d 1084, 1085; Matter of Ajuwon H., 18 AD3d 752, 753).
Further, the appeals by the parents from the dispositional portions of the orders of fact-finding and disposition must be dismissed in light of their default in appearing at the dispositional hearing (see Matter of Kolsuma B. [Nosira B.], 154 AD3d 842, 843; Matter of Anastasia E. Mc. [Troy Mc.], 147 AD3d 955, 956). Accordingly, the mother's remaining contention regarding the disposition is not properly before us.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court