Matter of Jacqueline E.S.B. (Daniel B.) (2018 NY Slip Op 02607)





Matter of Jacqueline E.S.B. (Daniel B.)


2018 NY Slip Op 02607


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-08560
2016-08563
 (Docket Nos. B-29678-11, B-29679-11)

[*1]In the Matter of Jacqueline E. S. B. (Anonymous). Children's Aid Society, petitioner-respondent; Daniel B. (Anonymous), also known as Daniel B. (Anonymous) II, appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Laura O. B. (Anonymous). Children's Aid Society, petitioner-respondent; Daniel B. (Anonymous), also known as Daniel B. (Anonymous) II, appellant, et al., respondent. (Proceeding No. 2)


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
Melissa E. Bonaldes, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related neglect proceedings pursuant to Family Court Act article 10, the father appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.) (one as to each child), both dated May 6, 2016. The orders, after fact-finding and dispositional hearings, found that the father permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the children jointly to the Children's Aid Society and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The appellant is the father of two children, born in 2008 and 2010, respectively. In October 2011, the petitioner filed petitions pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights with respect to each of the children on the ground of permanent neglect. The Family Court found, after a fact-finding hearing, that the father had permanently neglected the children, and after a dispositional hearing the court terminated the father's parental rights and freed the children for adoption. The father appeals.
A parent has a due process right to be present during proceedings to terminate parental rights; however, that right "is not absolute and must be balanced with the child's right to a prompt and permanent adjudication" (Matter of Eileen R. [Carmine S.], 79 AD3d 1482, 1483; see Matter of Chloe N. [Joshua N.], 143 AD3d 1114, 1116; Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 851). Here, on the one date in the course of the hearing when the Family Court proceeded with the fact-finding hearing in the father's absence, the record shows that the father voluntarily absented himself from the proceedings, and that video or audio conferencing was not available. In addition, an adjournment would have been detrimental to the interest of the children, the father's attorney was present on that date, and the father proceeded to testify on his direct case on the following hearing date. Under these circumstances, the court did not deprive the father of his right to be present for part of the fact-finding hearing, nor did it improvidently exercise its discretion in declining his application for an adjournment (see Matter of Demetrious L.K. [James K.], 157 AD3d 796; Matter of Sean P.H. [Rosemarie H.], 122 AD3d at 851; Matter of Lillian D.L., 29 AD3d 583, 584).
The petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the father's relationship with the children (see Social Services Law § 384-b[7][a]), and that despite such efforts, the father failed to plan for the children's future. The father's partial compliance with the services provided by the petitioner was insufficient to preclude a finding of permanent neglect, particularly as he failed to complete significant services, including recommended mental health therapy and drug testing. Under these circumstances, the petitioner established the father's permanent neglect of the children by clear and convincing evidence (see Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d 691, 692-693; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119; Matter of Tsulyn R.A. [Deborah A.], 135 AD3d 935).
Moreover, the Family Court properly found, by a preponderance of the evidence, that termination of the father's parental rights was in the children's best interests (see Family Ct Act § 631; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d at 693; Matter of Stephon B.M., 149 AD3d 1080, 1081; Matter of Hector V.P. [Mariana V.], 146 AD3d 889, 890).
ROMAN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court