Matter of Erika G. A. (Anthony J. F.) (2018 NY Slip Op 05153)





Matter of Erika G. A. (Anthony J. F.)


2018 NY Slip Op 05153


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05658
 (Docket No. B-8124-13)

[*1]In the Matter of Erika G. A. (Anonymous), also known as Erika A. (Anonymous). SCO Family of Services, petitioner-respondent; Anthony J. F. (Anonymous), also known as Anthony F., appellant, et al., respondent.


Joseph H. Nivin, Forest Hills, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Deborah M. Garibaldi, Glendale, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated April 12, 2017. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner filed a petition pursuant to Social Services Law § 384-b, among other things, to terminate the father's parental rights with respect to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court, inter alia, found that the father permanently neglected the child, terminated his parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The father appeals.
The petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the father and the child by, among other things, developing an appropriate service plan and advising the father of the importance of complying with that plan; scheduling regular visits between the father and child; monitoring the father's compliance with outside services related to anger management, domestic violence, substance abuse, and mental health treatment; referring the father to a program which [*2]provided those services when he failed to complete a previous program; and conducting regular service plan review conferences (see Matter of Sheila G., 61 NY2d 368, 385; Matter of Sarah J.A. [Ramadan G.O.-A], 156 AD3d 691, 692; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 744; Matter of Danielle Joy K., 60 AD3d 948, 949). Despite the agency's diligent efforts, the father failed to plan for the return of the child. The father failed to successfully complete any aspect of his service plan and did not consistently attend scheduled visitation (see Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d at 693; Matter of Syasiah A.-M.L. [Valisha A.N.], 154 AD3d 755, 756; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1120). Accordingly, we agree with the Family Court's determination that the father permanently neglected the child (see Social Services Law § 384-b[3][g][i]; [7][a], [c], [f]).
Moreover, we agree with the Family Court's determination that the child's best interests would be served by terminating the father's parental rights and freeing the child for adoption (see Family Ct Act § 631; Matter of Anthony D. [Yonas S.], 159 AD3d 818, 819; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d at 693; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120).
The father's remaining contention is without merit.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court