Matter of Quadir C.B. (Emmanuel D.) (2018 NY Slip Op 08126)





Matter of Quadir C.B. (Emmanuel D.)


2018 NY Slip Op 08126


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07016
 (Docket No. B-25592-15)

[*1]In the Matter of Quadir C.B. (Anonymous). SCO Family of Services, petitioner-respondent; Emmanuel D. (Anonymous), respondent-appellant, et al., respondent.


Rhonda R. Weir, Brooklyn, NY, for respondent-appellant.
Carrieri & Carrieri, P.C., Mineola, NY (Ralph R. Carrieri of counsel), for petitioner-respondent.
Helene Chowes, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), dated February 10, 2017. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner filed a petition pursuant to Social Services Law § 384-b, seeking, among other things, to terminate the father's parental rights with respect to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court, inter alia, found that the father permanently neglected the child, terminated his parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The father appeals.
The petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the father and the child by, among other things, developing an appropriate service plan and advising the father of the importance of complying with that plan, scheduling regular parental access between the father and the child, referring the father to a program which provided mental health and domestic violence services and monitoring his compliance with obtaining those services, and visiting the father's home and advising him about obtaining alternative suitable housing (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; Matter of Sheila G., 61 NY2d 368, [*2]385; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d 691, 692; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 744; Matter of Danielle Joy K., 60 AD3d 948, 949). Despite the petitioner's diligent efforts, the father failed to plan for the return of the child. The father failed to successfully complete any aspect of his service plan and did not consistently attend scheduled parental access (see Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d at 693; Matter of Syasiah A.-M.L. [Valisha A.N.], 154 AD3d 755, 756; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1120). Accordingly, we agree with the Family Court's determination that the father permanently neglected the child (see Social Services Law § 384-b[3][g][i]; [7][a], [c], [f]).
Moreover, we agree with the Family Court's determination that the child's best interests would be served by terminating the father's parental rights and freeing the child for adoption (see Family Ct Act § 631; Matter of Anthony D. [Yonas S.], 159 AD3d 818, 819; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d at 693; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120), rather than entering a suspended judgment. The evidence adduced at the dispositional hearing established that termination of the father's parental rights was in the best interests of the child (see Matter of Anastasia R. [Jessica R.], 133 AD3d 605). A suspended judgment was not appropriate given the father's failure to address the issues preventing the child's return to his care (see Matter of Dupree J.P. [Richard P.], 128 AD3d 967, 968; Matter of Aaliyah L.C. [Jamie A.], 128 AD3d 955, 956; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1088-1089; Matter of Amber D.C. [Angelica C.], 79 AD3d 865, 866).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court