Matter of Gregory A. J. (Gregory J.) (2019 NY Slip Op 02096)





Matter of Gregory A. J. (Gregory J.)


2019 NY Slip Op 02096


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-04321
2018-08992
 (Docket Nos. B-21413-15, B-21414-15)

[*1]In the Matter of Gregory A. J. (Anonymous), etc. Little Flower Children and Family Services, respondent; Gregory J. (Anonymous), etc., appellant. (Proceeding No. 1)
In the Matter of Alexis R. J. (Anonymous), etc. Little Flower Children and Family Services, respondent; Gregory J. (Anonymous), etc., appellant. (Proceeding No. 2)


Steven P. Forbes, Jamaica, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Richard L. Herzfeld, New York, NY, attorney for the children



DECISION & ORDER
In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Diane Costanzo, J.) (one as to each child), both dated May 31, 2018. The orders, after fact-finding and dispositional hearings, found that the father permanently neglected the subject children, terminated his parental rights, and freed the children for adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject children on the ground of permanent neglect. The Family Court found, after a fact-finding hearing, that the father had permanently neglected the children, and, after a dispositional hearing, terminated the father's parental rights and freed the children for adoption. The father appeals.
Contrary to the father's contentions, the petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the father and the children by, among other things, referring the father to services for anger management and scheduling regular parental access between the father and the children (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, [*2]430; Matter of Sheila G., 61 NY2d 368, 385; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d 691, 692; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 744). The record shows that despite the petitioner's diligent efforts, the father failed to plan for the return of the children as, inter alia, he failed to successfully gain insight into the obstacles preventing the return of the children to his care (see Matter of Zebadiah Z.W.A.H. [Imecka T.H.], 117 AD3d 1051; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 731).
Contrary to the father's contention, a suspended judgment was not appropriate given the father's lack of insight into his problems that prevented the return of the children to his care (see Matter of Lasuree A.B. [Carla S.B.], 141 AD3d 578, 579; Matter of Aaliyah L.C. [Jamie A.], 128 AD3d 955, 956). Further, we agree with the Family Court's determination that termination of the father's parental rights was in the best interests of the children (see Family Ct Act § 631; Matter of Jamayla C.M. [Marcela A.C.], 163 AD3d 820; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022, 1023; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 544; Matter of Jeremy D.R., 40 AD3d 764, 765; Matter of Ashey Lorraine R., 22 AD3d 671, 672), so that they would be freed for adoption by the foster mother, with whom they have bonded and lived for 10 years (see Matter of Jasiah T.-V. S.J. [Joshua W.—Shatesse J.], 166 AD3d 876; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700).
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court