Matter of J. (Chantilly M.J.) (2019 NY Slip Op 07397)





Matter of J. (Chantilly M.J.)


2019 NY Slip Op 07397


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-12310
 (Docket No. B-521-15)

[*1]In the Matter of J. (Anonymous), Amina I. M. HeartShare St. Vincent's Services, petitioner- respondent, et al., petitioner, Chantilly M. J. (Anonymous), appellant.


Steven P. Forbes, Jamaica, NY, for appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (John Kurkemelis of counsel), for petitioner-respondent.
Patrick R. Garcia, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated September 7, 2018. The order, after fact-finding and dispositional hearings, inter alia, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred gurardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The subject child was born in 2012 and placed in foster care in 2014. In 2015, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found, among other things, that the mother permanently neglected the child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
To establish that a parent has permanently neglected a child, an agency must demonstrate, by clear and convincing evidence, that for at least one year or 15 out of the most recent 22 months following the date the child came into the agency's care, the parent failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b[7][a]; see Social Services Law § 384-b[4]; Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 894).
Here, as the Family Court found, despite the petitioner's diligent efforts, the mother failed to plan for the child's future by failing to, inter alia, gain insight into her behavior and the problems that caused the child to be placed in foster care (see Matter of Isiah M. [Teresa M.], 158 AD3d 688, 689; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1120).
Moreover, we agree with the Family Court's determination that termination of the mother's parental rights was in the child's best interests (see Family Ct Act § 631; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120). Contrary to the mother's contention, the entry of a suspended judgment was not appropriate in light of her continued lack of insight into her problems, and her failure to acknowledge and address the issues preventing the return of the child to her care (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120; Matter of Lasuree A.B. [Carla S.B.], 141 AD3d 578, 579).
Based upon our review of the record, the Family Court conducted a sufficiently searching inquiry to ensure that the mother's waiver of her right to counsel and her election to represent herself, at the fact-finding hearing, with the assistance of a legal advisor, was knowingly, voluntarily, and intelligently made (see People v Providence, 2 NY3d 579, 583; Matter of Graham v Rawley, 140 AD3d 765, 767; Matter of Ryan v Alexander, 133 AD3d 605, 606; Matter of McGregor v Bacchus, 54 AD3d 678, 679).
Further, the Family Court providently exercised its discretion in denying the mother's request for the assignment of new counsel, in place of her legal advisor, prior to the commencement of the dispositional hearing. Where, as here, an indigent party has a constitutional right to assigned counsel (see Family Ct Act § 262[a][iv]), " this entitlement does not encompass the right to counsel of one's own choosing'" (Matter of Wiley v Musabyemariya, 118 AD3d 898, 900, quoting People v Porto, 16 NY3d 93, 99; see People v Sides, 75 NY2d 822, 824; People v Sawyer, 57 NY2d 12, 18-19). An indigent party is entitled to new assigned counsel only upon a showing of good cause for substitution (see People v Sides, 75 NY2d at 824; Matter of Wiley v Musabyemariya, 118 AD3d at 900). Here, the court properly determined that there was no good cause shown for substitution (see Matter of Zulme v Maehrlein, 133 AD3d 608, 609; Matter of Munoz v Edmonds-Munoz, 123 AD3d 1038, 1039; Matter of Wiley v Musabyemariya, 118 AD3d at 901).
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court